*L. R. Thurman, for appellant.*

*G. W. Craddock, for appellee.*

---

## MINERVA WOOD et al. *v.* W. B. CRAWFORD.

**Devise of an Estate Charged with the Support of Another.**

> Where an estate was devised to a son, charged with the support of the testator's relict for life, the property itself was charged with this burden; in the dereliction of the son, any other one that she might select may discharge the duty and would be entitled to compensation therefor, which would be a charge on the property and have a prior lien to the son, his vendee, or any execution purchaser of the property sold to pay son's debts.

APPEAL FROM MERCER CIRCUIT COURT.

October 6, 1866.

OPINION OF THE COURT BY JUDGE WILLIAMS:

After several specific legacies, Archibald Wood, by the third clause of his last will, made the following devises:

> "All the balance of my estate, real, personal, and mixed, of every kind and description, I will to my beloved wife, during her natural life, and at her death I will all of said estate to my son, Dr. John Wood, with the understanding that he, my son, is to live with his mother and take care of, control, and use the property in conjunction with her, having *it distinctly understood that his said mother is to have an ample support during*

18

*her life from the proceeds thereof.* In the event of *ine* death of my son, John, without children, then, in that event, after the death of my son John's present wife, whom I will and desire shall enjoy and have the use of said property during her life, I will all of said estate, of every kind and description, to my four grandchildren in equal proportions, share and share alike."

For more than a year, before the death of his venerable mother, John neither lived with her, nor seems to have contributed anything toward her support, but appellants, Minerva and Archibald Wood, did live with her, and seem faithfully to have cared for her wants and rendered much personal services to her, and such as her necessities demanded.

The mansion-house, with some eight or ten acres of land in Harrodsburg, was included in this devise, this property being worth some $5,000.

Crawford, having obtained a judgment and execution against John Wood, had his interest in this mansion-house and land levied on and sold, he becoming the purchaser at $100, and another lot at $50. After the sale the sheriff had his interest in the property appraised by two gentlemen of the vicinage, and they fixed the value of the first at $150; this sale was before the mother's death, but after John had left her.

After Mrs. Wood's death, Crawford brought suit to recover the possession, making John, Minerva, and Archibald Wood defendants. John answered, denying that he held possession, or had since the plaintiff's purchase under the execution. Minerva and Archibald deny plaintiff's right of recovery, deny that anything passed by his execution sale and purchase, allege that the property was devised to John Wood, upon condition, which condition he had not performed, but had abandoned the performance of the same before, and at the time of the execution sale, and until his mother's death.

And by an amended answer they set up a claim of $1,000 for services rendered to the old lady in her life, and assert that the property was charged with her support, and that they have a prior lien which should, in any event, be adjudged and allowed them before turning them out of possession, and they ask to have the cause transferred to the equity docket, which motion was overruled, and a judgment for the appellee from which they have appealed.

Whatever may be said of the validity of an execution purchase, by the plaintiff in the execution, when such an important irregularity as not having the land or interest therein valued before the sale, and having purchased a property worth $5,000 at the nonsensical sum of $100, and then having a valuation at a sum that precludes the right of redemption, had it been assailed by the execution defendant, but as he has not assailed it, we need not determine this matter.

And as these parties do not set up that they have an interest, either by virtue of the contingent devise to the four grandchildren of testator, nor as heirs-at-law, we are restricted alone to the determination whether the estate was charged with the support of the widow, and whether they have a prior lien, should they establish their claim for services.

That the estate devised was charged with the support of the testator's surviving relict, we cannot doubt; to provide for her comfortable maintenance during the remainder of a declining age, was a controlling motive with the testator, and this duty was most naturally enjoined on a son, but not to depend alone on his faithfulness in the discharge of a natural and high moral duty, but the property itself was charged with this burden. In the dereliction of the son any one whom she might select might discharge this duty, and would be entitled to compensation therefor, which would be a charge on the property and have a prior lien either to the son, his vendee, or an execution purchaser of the property sold as his, and to pay his debts.

The conditions attached to John's interest in this property, the rather obscure meaning of testator, and the doubtful construction which might well be placed upon this devise, are all well calculated to reduce the estimate of John Wood's title and interest therein by the appraisers, and together with the irregularity of the sheriff in not having it appraised previous to sale, all conspired to the actual result of a sale for a mere nominal sum.

In any view of the case, we are satisfied that the claims of appellants have a prior lien, and that the same peculiarly belongs to the equitable jurisdiction of the chancellor, and. that it was erroneous to overrule their motion to transfer the case to the equity side of the court.

Should other parties who may be interested under the will desire to assert their claim, we are inclined to think they should be

permitted to do so, within a reasonable time, and if any does set up such claim they may be essential parties to appellants' pleadings and the assertion of their prior lien, and should they, by amended pleadings, desire within a reasonable time to make such parties, this should be permitted.

Wherefore, the judgment is reversed, with directions for further proceedings in conformity with this opinion.